LARRY D. PRADMORE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pradmore v. Commissioner
Docket No. 12050-77.
United States Tax Court
T.C. Memo 1979-150; 1979 Tax Ct. Memo LEXIS 381; 38 T.C.M. (CCH) 664; T.C.M. (RIA) 79150; April 16, 1979, Filed *381 Larry D. Pradmore, pro se. John D. Moats and Marvin Scott, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined deficiencies in income tax and additions to tax against petitioner as follows: Additions to tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
1975
$6,872.20
$1,085.46
$343.60
1976
6,436.36
1,598.92
321.82
Petitioner resided in Sundance, Wyoming, at the time of the filing of his petition herein. The petition recites a claim of error in respect of each element of the deficiency notice but sets forth no specific facts upon which the claims of error were founded, simply: (1) alleging petitioner's reliance generally on the United States Constitution, Bill of Rights, Declaration of Independence, and Holy Bible; (2) setting forth what appears to be a claim that any income which respondent charged petitioner as receiving constituted no more than a "promise to pay" because of the United States monetary system and therefore *382 was not taxable income; and (3) claiming the right to a jury trial. [2]
After the case was at issue, respondent, on June 8, 1978, filed a motion for summary judgment. To that motion, respondent attached, as exhibits, copies of a Form 1040 and an amended Form 1040 claimed to be those of petitioner for the taxable year 1975 and a Form 1040 for 1976. The amended Form 1040 for 1975 and the Form 1040 for 1976 each included a copy of a Form W-2. The Forms 1040 for 1975 contained petitioner's name and address and information required by the Census Bureau. All other items on the returns were either left blank or filled in with the word "object" or "none," except that line 21a showed income tax withheld in the amount of $2,530.37 and a refund in that amount was claimed by repeating the amount in lines 22, 24, and 25. The amended Form 1040 bears a stamp of having been received by the IRS in Ogden, Utah, on August 12, 1976. The original Form 1040 contains no evidence of filing. The Form 1040 for 1976 contained the petitioner's name and address, his social security number and occupation, the name of *383 one claimed dependent child (Shelley), and a claim for three exemptions -- petitioner, a claimed spouse, and a claimed child. It left most of the lines blank except for two asterisks typed thereon to refer to a footnote concerning various constitutional objections. It shows no date of filing. We infer, however, that this form, as well as the Form 1040 for 1975 which bears no evidence of filing, was at some point of time received by the Internal Revenue Service. All three Forms 1040 were labeled as being "FILED UNDER PROTEST." One Form 1040 for 1975 and the Form 1040 for 1976 referred to a variety of provisions of the United States Constitution. The amended Form 1040 for 1975 set forth a claim based on the United States monetary system. The Form 1040 for 1976 also contained a reference to confusion as to the meaning of "accounts receivable" and the reporting of the same by a cash basis taxpayer. The deficiency notice issued by respondent was based upon petitioner's having received the income as shown on the W-2 forms and granted petitioner the standard deduction, one exemption, and one exemption credit. The burden of proof is on the petitioner with respect to each adjustment *384 set forth in the deficiency notice, including the additions to tax. Rule 142(a), Tax Court Rules of Practice and Procedure.
Respondent's motion for summary judgment was set for hearing on July 26, 1978, in Washington, D.C. At that time, in order to make certain there were no factual issues which could fairly be said to be in dispute, the hearing on respondent's motion was continued to the time when the case was calendared for trial. On September 5, 1978, petitioner filed a "WRITTEN OBJECTION" on the ground of entitlement to a trial in the state in which he resides and in accordance with the provisions of the constitution and common law of that state. He also objected to having the burden of proof, claimed that this Court was not a bona fide court because not established under Article III of the Constitution and repeated his claim to a jury trial. Again he did not set forth any factual basis for his claim that respondent's deficiency notice or any portion thereof was in error. Nor did he dispute, other than as previously indicated, any of the assertions in respondent's motion or any of the exhibits attached thereto. By order of the Court, dated November 21, 1978, the *385 case was calendared for trial and respondent's motion for summary judgment was calendared for hearing in Denver, Colorado, on March 5, 1979. The order was served on petitioner on November 24, 1978. The case and respondent's motion were called in Denver on March 5, 1979. Petitioner did not appear or otherwise communicate with the Court. Petitioner's contentions have been frequently considered and repeatedly rejected by the courts. They are totally without merit. It seems clear to us that respondent's motion for summary judgment should be granted. Certainly, as to the amount of petitioner's income, there can be no dispute in light of the Forms W-2 attached to respondent's motion and petitioner's failure to make any objections thereto. [3] As to the deductions, exemptions, and additions to tax, theoretically there could be some factual dispute which might inhibit the granting of a motion for summary judgment as to these items. We say "theoretically" because petitioner has at no time submitted to the Court any delineation of facts relating to the substantive elements of the deficiency notice, which might have furnished us with some foundation for determining that a bona fide *386 dispute existed, [4] and because it is clear that petitioner has no intention of attempting to do so but rather intends to rest his claim that he does not owe the deficiencies (including the additions to tax) on the variety of legal grounds (primarily constitutional) which we have previously outlined and which we have held to be wholly insufficient. [5] Accordingly, to the extent that respondent's motion for summary judgment might be technically inappropriate, since the case was calendared for trial on March 5, 1979, and petitioner neither appeared nor otherwise communicated with the Court, respondent's motion can be viewed as a motion for a decision by default or a motion to dismiss for lack of prosecution. See Rule 123, Tax Court Rules of Practice and Procedure. Additionally, since petitioner chose to present no evidence, a decision can properly be entered against him for failure to carry his burden of proof as required by Rule 142(a), Tax Court Rules of Practice and Procedure.
*387 In view of the foregoing, Decision will be entered for the respondent.
Footnotes
1. Section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable years at issue.↩
2. The petition also set forth a claim for "PUNITIVE DAMAGES" and "GENERAL DAMAGES"↩
3. Indeed, petitioner's Forms 1040 for 1975 confirm the figure shown as tax withheld for that year and claim refund thereof. ↩
4. Cf. Mehr v. Commissioner,T. C. Memo. 1979-36↩. 5. In the context of this case, we consider petitioner's reference to confusion relating to the reporting of accounts receivable on the Form 1040 for 1976 wholly inadequate to raise any bona fide issue of fact in respect to petitioner's liability.↩